PER CURIAM.
The petitioner, in proceedings in mandamus brought against the City of Miami to compel the issuance of a night club license, appeals from a judgment which inter alia quashed the alternative writ and dismissed the petition. A careful examination of the record in the light of the briefs reveals that there were two independent grounds upon which the judgment of the circuit court was properly based.
The first of these is that it affirmatively appears that the Florida State Beverage Department had revoked the state license of the petitioner so that the city was no longer in a position to license the establishment as a night club. Nothing appears in the record to show that this revocation had been superseded, although counsel have argued that such is a fact. It is true that this ground arose after the filing of the petition in mandamus but prior to the return to the alternative writ. As stated by the Supreme Court of Florida in State ex rel. Hawkins v. Board of Control of Florida, Fla.1950, 47 So.2d 608, 615:
“ * * *. The alternative writ of mandamus being itself in the nature of *416 a rule to show cause, any cause which exists at the time fixed for making return or showing cause is available as an answer to the mandate of the writ. * ‡ * »
 Upon the second ground, the record reveals without contradiction that the premises for which the license was sought were not, at the time of the application or at the time of the alternative writ, clearly entitled to the issuance of a night club license by reason of the fact the seating capacity did not comply with the city ordinance requiring a minimum of two hundred seats for such establishments.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ-, concur.